IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JERRY EUGENE DEATHERAGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. CIV-05-91-F |
| ) | |
| STEVEN STICE, ) | |
| ) | |
| Defendant. ) | |

**SUPPLEMENTAL REPORT AND RECOMMENDATION**

Pursuant to an order by United States District Judge Stephen P. Friot, this matter has been re-referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) on the amended complaint filed by the Plaintiff. For the reasons stated herein, it is recommended that Plaintiff's state law claims against the Defendant Stice be dismissed without prejudice.

**I.  BACKGROUND**

In his original complaint, Plaintiff named one Defendant – Steven Stice – whom he identifies as "a criminal defense attorney . . . appointed . . . to represent the Plaintiff in Cleveland County cases CF-03-71, CF-03-75, CF-03-76, and CF-03-77 through the Oklahoma Indigent Defense System." Complaint, p. 1. In Count I of his original complaint, Plaintiff alleges that Defendant Stice provided ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution and "contrary to Oklahoma law." Complaint, p. 3. In Count II of the original complaint, Plaintiff alleges that Defendant Stice "discriminated against [him] by providing ineffective assistance of counsel deliberately due to Plaintiff's HIV positive status, in violation of the Americans with Disabilities Act." Complaint, p. 7. In Count III of the original complaint, Plaintiff

alleges that Defendant Stice "inflicted cruel and unusual punishment and/or the intentional infliction of emotional distress upon the Plaintiff by his acts and omissions, in violation of the Eighth Amendment to the U.S. Constitution." Complaint, p. 8.

In a Report and Recommendation entered on February 28, 2005, the undersigned found that Plaintiff failed in Counts I and III to state a claim against Defendant Stice upon which § 1983 relief could be granted because "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." Polk County v. Dodson, 454 U.S. 312, 318 (1981). "This is true even of cases in which a private attorney has been assigned to represent an indigent defendant." Id. at 318-19 n. 7. Likewise, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Id. at 325. The undersigned noted that Plaintiff's constitutional claims against Defendant Stice were based entirely on such activities and were therefore devoid of any facts to establish that Defendant Stice was acting under color of state law. The undersigned also noted that although state action may be established where sufficient allegations exist of a conspiracy by a defendant with state actors, Hunt v. Bennett, 17 F.3d 1263, 1268 (10th Cir. 1994), Plaintiff's lone, conclusory allegation of conspiracy in the original complaint was insufficient. Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir. 1989) (per curiam) ("Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim.").

The undersigned also found in the previous Report and Recommendation that Plaintiff had not stated a claim for relief under the Americans with Disabilities Act

("ADA") against Defendant Stice in Count II of the Complaint. Title II of the ADA prohibits discrimination based on disability in the availability of services, programs, or activities of a public entity:

> Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity or be subjected to discrimination by any such entity.

42 U.S.C. § 12132. However, assuming that Title II of the ADA applies to this situation, the undersigned noted that it only prohibits discrimination in programs of a public "entity" or discrimination "by any such entity." 42 U.S.C. §12132. Because "public entity" is not defined by 42 U.S.C. §12131 to include individuals, the undersigned found that Plaintiff could not state a claim for relief under the ADA against an individual such as Defendant Stice.  42 U.S.C. § 12131(1) ("public entity," defined as "(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority . . . ."); Montez v. Romer, 32 F.Supp. 2d 1235, 1241 (D. Colo. 1999) ("individual liability is not contemplated under title II of the Disability Act").

As noted above, Plaintiff also alleged in his original complaint that Defendant Stice provided ineffective assistance, "contrary to Oklahoma law." However, as the undersigned found that Plaintiff had failed to allege any claims cognizable in an action under § 1983, it was recommended that any claim(s) under Oklahoma law be dismissed without prejudice under 28 U.S.C. § 1367(c)(3) (permitting district courts to decline

supplemental jurisdiction over state law claims where "the district court has dismissed all claims over which it has original jurisdiction").

## II. PROCEDURAL POSTURE

In objecting to the Report and Recommendation, Plaintiff sought leave to amend his complaint to add the Oklahoma Indigent Defense System ("OIDS") as a Defendant with regard to his claim in Count II under the ADA. Judge Friot adopted the undersigned's Report and Recommendation insofar as it dismissed all claims other than Plaintiff's state law claim in Count I against Defendant Stice for ineffective assistance "contrary to Oklahoma law." However, Judge Friot also granted Plaintiff leave to amend his claim under the ADA, and Plaintiff has now amended Count II of his complaint to name OIDS as Defendant. Thus, only two claims remain in this action: Plaintiff's state law claim in Count I against Defendant Stice and his ADA claim in Count II against Defendant OIDS.

## III. PLAINTIFF'S AMENDED COMPLAINT

In the undersigned's screening of the complaint as amended, an issue has arisen concerning Plaintiff's state law claim that Defendant Stice failed to provide him with adequate legal representation.[1] Complaint, p. 5. Plaintiff alleges that because of Defendant Stice's ineffective representation he was "essentially forced to plead guilty." Complaint, p. 2. Such a claim, however, is not cognizable when it calls into question the validity of a prior conviction. See Parris v. United States, 45 F.3d 383, 385 (10th Cir. 1995) ("the same common law principles that informed the Supreme Court's decision in Heck should

---

[1] As noted above, Judge Friot failed to adopt the undersigned's recommendation that the Court decline supplemental jurisdiction over Plaintiff's state law claim because Plaintiff was granted leave to amend his federal ADA claim to name a public entity as a Defendant.

inform the decision of whether an action under the [Federal Tort Claims Act] is cognizable when it calls into question the validity of a prior conviction") (citing Heck v. Humphrey, 512 U.S. 477(1994)).  In Parris, the plaintiff's claim was based on the alleged legal malpractice of the Assistant Federal Public Defender who represented him in a criminal proceeding conducted in the United States District Court for the Eastern District of Oklahoma. Id. at 384.  He alleged that "because of the negligence of my lawyer, I am a convict at El Reno, *not* because I am guilty." Id. The district court concluded that plaintiff's claim "squarely call[ed] into question the validity of his convictions," and because his convictions had been affirmed on appeal and upheld despite a challenge under 28 U.S.C. § 2255, the Tenth Circuit affirmed the district court's grant of summary judgment in favor of the defendant.  Id. at 385.  In Oklahoma, the rule is similar. In Mahorney v. Waren, 60 P.3d 38 (Okla. Civ. App. 2002)[2], an inmate brought a legal malpractice action against his attorney, alleging that the attorney's negligent representation resulted in his conviction for first-degree murder.  In affirming the state district court's dismissal for failure to state a claim, the Oklahoma Court of Civil Appeals stated:  "Analogizing the facts of this case to Heck, the trial court held [plaintiff] has no cause of action for negligence ... until he can plead, in good faith, that his conviction has been invalidated as a proximate result of a breach of duty ... which arose out of the attorney-client relationship. We agree." Id. at 40.

---

[2] Mahorney was released for publication by order of the Court of Civil Appeals of Oklahoma, and is therefore considered to have persuasive effect under Rule 1.200(c)(2) of the Oklahoma Supreme Court Rules.  Okla. Stat. tit. 12, Ch. 15, Appendix.

In his state claim for legal malpractice against Defendant Stice, Plaintiff has failed to allege that his criminal conviction has been invalidated at all – much less as a "proximate result of a breach of duty . . . which arose out of the attorney-client relationship." Moreover, as in Parris, Plaintiff's allegations squarely call into question the validity of his convictions, bringing the rule of Heck into play. Accordingly, it is recommended that the only remaining claim against Defendant Stice – Plaintiff's claim that he rendered legal assistance contrary to Oklahoma law – be dismissed for failure to state a claim upon which relief can be granted. It is further recommended that the dismissal be without prejudice.[3]

## RECOMMENDATION

For the reasons set forth above, it is recommended that the only remaining claim against Defendant Stice, Plaintiff's claim in Count I that Defendant Stice rendered legal assistance contrary to Oklahoma law, be dismissed without prejudice for failure to state a claim upon which relief can be granted. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by May 9, 2005, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation does

---

[3] The undersigned notes that Plaintiff also has a habeas action pending in this district. Deatherage v. Workman, No. CIV-04-1716. United States Magistrate Judge Robert E. Bacharach has recommended that the petition be dismissed as untimely under 28 U.S.C. § 2244(d)(1). An objection to the recommendation has been filed, and both are now pending before United States District Judge Tim Leonard. Although it appears from the procedural history recited within Judge Bacharach's Report and Recommendation that Plaintiff's state court remedies are complete, the federal habeas action obviously is not, leading the undersigned to recommend that Plaintiff's state legal malpractice claim be dismissed without prejudice.

not dispose of all issues referred to the undersigned Magistrate Judge in the captioned matter.

    **ENTERED this 19th day of April, 2005.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE