## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JERRY EUGENE DEATHERAGE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **No. CIV-05-91-F** |
| ) | |
| **STEVEN STICE, et al.** ) | |
| ) | |
| **Defendants.** ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging various violations of his constitutional rights. Pursuant to an order by United States District Judge Stephen P. Friot, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Defendant Oklahoma Indigent Defense System has filed a motion for summary judgment. Although Plaintiff has not responded to the motion, the time for doing so has passed. Thus, the motion is at issue and is ready for disposition.

## I. PROCEDURAL POSTURE

In his original complaint, Plaintiff named one Defendant – Steven Stice – whom he identifies as "a criminal defense attorney . . . appointed . . . to represent the Plaintiff in Cleveland County cases CF-03-71, CF-03-75, CF-03-76, and CF-03-77 through the Oklahoma Indigent Defense System." Complaint, p. 1. In Count I of his original complaint, Plaintiff alleged that Defendant Stice provided ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution and "contrary to Oklahoma law." Complaint, p. 3. In Count II of the original complaint, Plaintiff alleged that Defendant Stice "discriminated against [him] by providing

ineffective assistance of counsel deliberately due to Plaintiff's HIV positive status, in violation of the Americans with Disabilities Act." Complaint, p. 7. In Count III of the original complaint, Plaintiff alleged that Defendant Stice "inflicted cruel and unusual punishment and/or the intentional infliction of emotional distress upon the Plaintiff by his acts and omissions, in violation of the Eighth Amendment to the U.S. Constitution." Complaint, p. 8.

In a Report and Recommendation entered on February 28, 2005 [Doc. No. 8], the undersigned found that Plaintiff failed in Counts I and III to state a claim against Defendant Stice upon which § 1983 relief could be granted because "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983," Polk County v. Dodson, 454 U.S. 312, 318 (1981), and that this "is true even of cases in which a private attorney has been assigned to represent an indigent defendant." Id. at 319 n. 7. The undersigned noted that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding," Id. at 325, and that Plaintiff's constitutional claims against Defendant Stice were based entirely on such activities. Accordingly, the undersigned found that the complaint was devoid of any facts to establish that Defendant Stice was acting under color of state law. The undersigned also noted that although state action may be established where sufficient allegations exist of a conspiracy by a defendant with state actors, Hunt v. Bennett, 17 F.3d 1263, 1268 (10th Cir. 1994), Plaintiff's lone, conclusory allegation of conspiracy in the original complaint was insufficient. Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir.

2

1989) (per curiam) ("Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim."). The undersigned also found that Plaintiff had not stated a claim for relief under the Americans with Disabilities Act ("ADA") against Defendant Stice in Count II of the Complaint because Title II of the ADA only prohibits discrimination based on disability in the availability of services, programs, or activities of a public entity, 42 U.S.C. § 12132, and "public entity" is not defined by 42 U.S.C. §12131 to include individuals. The undersigned also recommended that any claim(s) under Oklahoma law against Defendant Stice be dismissed without prejudice under 28 U.S.C. § 1367(c)(3) (permitting district courts to decline supplemental jurisdiction over state law claims where "the district court has dismissed all claims over which it has original jurisdiction").

Plaintiff objected to the Report and Recommendation and also sought leave to amend his complaint to add the Oklahoma Indigent Defense System ("OIDS") as a Defendant with regard to his claim in Count II under the ADA. [Doc. No. 9]. Judge Friot adopted the undersigned's Report and Recommendation insofar as it dismissed all claims other than Plaintiff's state law claim in Count I against Defendant Stice for ineffective assistance "contrary to Oklahoma law." [Doc. No. 10]. However, Judge Friot also granted Plaintiff leave to amend his claim under the ADA. [Doc. No. 10] Plaintiff then amended Count II of his complaint to name OIDS as Defendant. [Doc. No. 11]. Upon that amendment, only two claims remained in this action: Plaintiff's state law claim in Count I against Defendant Stice and his ADA claim in Count II against Defendant OIDS.

However, in the undersigned's screening of the complaint as amended, the undersigned noted another issue with regard to Plaintiff's state law claim that Defendant Stice failed to provide him with adequate legal representation. Because Plaintiff had failed to allege that his criminal convictions had been invalidated, and his allegation in Count I squarely called into question the validity of his convictions, the rule of <u>Heck v. Humphrey</u>, 512 U.S. 477(1994)) made his state-law claim of inadequate representation premature. Accordingly, it was recommended that the only remaining claim against Defendant Stice – Plaintiff's claim that he rendered legal assistance contrary to Oklahoma law – be dismissed for failure to state a claim upon which relief can be granted. [Doc. No. 13]. Judge Friot adopted that recommendation on April 28, 2005. [Doc. No. 18]. Thus, the only claim remaining in this case is Plaintiff's claim in Count II against OIDS under the Americans with Disabilities Act (ADA).

## II.  DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant OIDS has moved for summary judgment on four separate grounds. First, OIDS claims that because Plaintiff was not diagnosed with HIV until after he entered his guilty pleas, he cannot establish discrimination by OIDS or its contractor due to his HIV status.  Defendant OIDS' Brief, p. 8.  Second, OIDS claims that Plaintiff's admissions under oath regarding effective assistance of counsel in the context of his guilty pleas defeat his claim of discrimination.  <u>Id.</u> at 12.  Third, OIDS claims that Plaintiff's claims under the ADA are barred by the doctrine of collateral estoppel.  <u>Id.</u> at 15.  Fourth, and finally, Defendant OIDS claims that alleged discrimination on the basis of homosexuality is not actionable under the ADA.  <u>Id.</u> at 18.

4

However, for the reasons discussed below, the undersigned finds that under the rule of Heck v. Humphrey, 512 U.S. 477(1994)), it would be premature to address Plaintiff's ADA claim on the merits because under the facts of this case, the ADA claim necessarily implies the invalidity of his underlying convictions.[1]

## III.  FACTUAL BACKGROUND

Although the undersigned is recommending dismissal without prejudice on the basis of Heck, and is thus not considering facts for the purpose of determining Defendant OIDS' entitlement to summary judgment, the facts are important to the Court's Heck analysis as will be shown below.  Based upon the complaint and the evidentiary material appended to the summary judgment motion filed herein, the following material facts are either uncontroverted, deemed admitted, or, where disputed, viewed in the light most favorable to Plaintiff.  Immaterial facts and facts not properly supported by the record are omitted.  The undersigned has also made reference to a petition for a writ of habeas corpus filed under 28 U.S.C. § 2254 in this Court.  Deatherage v. Workman, No. 04-1716 (W.D. Okla.).

Beginning in January of 2003, attorney Steven Stice provided legal representation to Plaintiff in connection with four cases filed in Cleveland County: Case Nos. CF- 2003-

---

[1]The Heck doctrine is not a statute of limitations defense, but rather keeps the civil claim in question from accruing.  Thus, it more closely resembles a jurisdictional barrier in that there is no subject matter jurisdiction over a claim that has not yet accrued.  "We do not engraft an exhaustion requirement upon § 1983, but *rather deny the existence of a cause of action*. Even a prisoner who has fully exhausted available state remedies *has no cause of action under* § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."  Heck v. Humphrey, 12 U.S. 477, 489 (1994) (emphasis added).  Accordingly, the undersigned finds it appropriate to address the issue of whether the Heck doctrine bars Plaintiff's ADA claim despite Defendant's failure to raise the issue.

71, CF-2003-75, CF-2003-76, and CF-2003-77.  Original Complaint, p. 1; Defendant OIDS'

Motion, Ex. 1 ¶ 3 (Affidavit of Steven L. Stice).  Mr. Stice provided those services as an

attorney who had contracted with OIDS to provide legal services in non-capital cases at

the trial level.  Defendant OIDS' Motion, Ex. 1 ¶ 4 (Affidavit of Steven Stice).

On August 15, 2003, Plaintiff pleaded guilty in all four cases before Cleveland

County District Court  Judge Tom Lucas, who found that (1) Plaintiff understood the

nature, purpose, and consequences of the proceedings; (2) his pleas were knowingly and

voluntarily entered; and (3) Plaintiff was competent.   Defendant OIDS' Motion,

Deposition of Plaintiff, Exs. 2-5.  Plaintiff failed to timely file an application to withdraw

his pleas of guilty and to file his direct appeals, and for that reason, the state district court

denied his application for post-conviction relief. See Order Dismissing Post-Conviction

Appeal, Deatherage v. State, No. PC-2004-1118 (Okla. Crim. App. Dec. 7, 2004)) (attached

to Defendant OIDS' Motion as Ex. 3).[2] Plaintiff's appeal from that order was untimely, and

the Oklahoma Court of Criminal Appeals dismissed it.  Id.

In December 2004, Plaintiff filed a petition for a writ of habeas corpus under 28

U.S.C. § 2254 in this Court.  Deatherage v. Workman, No. 04-1716 (W.D. Okla. Dec. 17,

2004). Three of the four grounds for relief in his petition concerned the performance of

his court-appointed counsel, Mr. Stice.  Deatherage v. Workman, No. 04-1716, Brief in

Support of Petition for Writ of Habeas Corpus (W.D. Okla. Jan. 4, 2005) [Doc. No. 7].  In

the first proposition in support of Plaintiff's request for habeas relief, Plaintiff alleged that

_____

[2]The state district court's order denying post-conviction relief is attached to the brief in support of
Plaintiff's application for a writ of habeas corpus under 28 U.S.C. § 2254, which was also filed in this Court.
Deatherage v. Workman, No. 04-1716 (W.D. Okla. Dec. 17, 2004).  As will be discussed below, that action
was dismissed without prejudice for failure to exhaust available state court remedies.

his guilty pleas were not knowing and voluntary, but were coerced because his trial counsel failed to pursue a viable defense strategy, failed to communicate with him or discuss any defense strategy, seemed uninterested in the case, and failed to make sure Plaintiff was in his "right mind" before making the decision to plead guilty. Id. at 11-12.[3] He claimed that counsel's actions constituted ineffective assistance of counsel. Id. In his second proposition, he claimed that the trial court erred in not appointing different trial counsel upon a request in which he cited complaints regarding counsel's ineffectiveness. Id. at 18. In his third proposition in support of habeas relief, Plaintiff claimed that he was denied effective assistance of trial counsel because he had two viable defense strategies that should have been investigated, discussed with him, and at least presented to the prosecutor prior to plea discussions. Id. at 23. He further alleged that trial counsel should have requested a competency evaluation in light of his state of mind and lack of medication for his HIV status. Id. at 24. He claimed that his attorney failed to meet with him, prepare for trial, or answer letters. Id. at 25.

On September 14, 2005, Magistrate Judge Robert E. Bacharach recommended that the petition be dismissed without prejudice for Plaintiff's failure to exhaust his available state court remedies. Deatherage v. Workman, No. 04-1716, Report and Recommendation, p. 5 (W.D. Okla. Sept. 14, 2005) [Doc. No. 24]. Judge Bacharach found that Plaintiff could still move to withdraw his guilty pleas out of time, and so recommended that the Court dismiss the petition without prejudice based on nonexhaustion rather than deny relief on grounds of procedural default. Id. at 4-5. This

---

[3]There are no page numbers on the brief in support, but proposition one appears on page eleven.

recommendation was adopted by United States District Judge Tim Leonard on October 18, 2005, and the petition was dismissed without prejudice.[4]

Shortly after filing his petition for a federal writ of habeas corpus in this Court, Plaintiff filed the instant action.  As noted above, the only remaining claim herein is a claim against Defendant OIDS under the ADA based upon the actions of Mr. Stice.  In the "Amendment to Count Two" in which Plaintiff added OIDS as a Defendant in his claim under the Americans with Disabilities Act, he states that "the ADA violations have already been set forth in Plaintiff's pleadings."  Amendment to Count Two, p. 2  (Mar. 29, 2005) [Doc. No. 11].  In his original complaint, Plaintiff made the following allegations regarding his ADA claim:

> As set forth in Ground One, Plaintiff has alleged that [Mr. Stice] deliberately provided ineffective assistance of counsel in his representation of the Plaintiff in his criminal case. Plaintiff is entitled to the effective assistance of counsel via the Sixth Amendment to the U.S. Constitution.  Thus, [Mr. Stice] denied the Plaintiff a constitutional right due to discrimination and prejudice caused by his handicapped status.  In other words, were it not for Plaintiff's status as having HIV/AIDS, the Defendant most likely would have provided him with the effective assistance of counsel to which he was legally entitled.

Complaint, p. 7 (Jan. 25, 2005) [Doc. No. 1].  Earlier in the complaint, Plaintiff alleges that Mr. Stice failed to impeach witnesses, failed to investigate facts of the case, failed to discuss or develop a defense strategy, failed to move for a competency hearing, failed to

---

[4]A check of the Cleveland County District Court docket reveals that Plaintiff has not as of the date of this Report and Recommendation moved to withdraw his guilty pleas out of time.  Oklahoma State Courts Network, Docket Nos. CF-2003-71, CF-2003-75, CF-2003-76, CF-2003-77, District Court of Cleveland Count http://www.oscn.net/applications/oscn/getcaseinformation.asp?submitted=true&number= CF-2003-71&db=Cleveland&viewtype=caseGeneral> (accessed Dec. 14, 2005).

communicate with him, coerced him to plead guilty, and failed to investigate and present mitigating evidence at the sentencing hearing. Id. at 2-3. Plaintiff claims that Defendant OIDS, through Mr. Stice, denied him the Sixth Amendment right to effective assistance of counsel due to discrimination and prejudice caused by his handicapped status, and were it not for Plaintiff's HIV/AIDS, Mr. Stice "most likely would have provided him with the effective assistance of counsel to which he was legally entitled." Complaint, p. 7. As relief, Plaintiff seeks compensatory damages in the amount of $300,000 and punitive damages in the amount of $700,000. Complaint, p. 9. Plaintiff specifically states that he "is only seeking monetary damages" and is "not seeking any relief in this action regarding his length of incarceration." Id.

## IV.  DISCUSSION

As noted above, Defendant OIDS has moved the Court to grant summary judgment on the merits, citing several grounds in support. However, because Plaintiff's success in this action would necessarily imply the invalidity of his conviction in the four Cleveland County cases, and those convictions have not been expunged or overturned, the undersigned instead recommends that this action be dismissed without prejudice on the basis of  Heck v. Humphrey, 512 U.S. 477 (1994).

In that case, Roy Heck had been convicted in an Indiana state court of voluntary manslaughter for the killing of his wife, and while the appeal from his conviction was still pending, filed suit in federal district court under 42 U.S.C. § 1983, alleging that prosecutors and an investigator had engaged in an "unlawful, unreasonable, and arbitrary investigation" leading to petitioner's arrest; "knowingly destroyed" evidence "which was

exculpatory in nature and could have proved [petitioner's] innocence"; and had caused "an illegal and unlawful voice identification procedure" to be used at his trial.  Id. at 479. The complaint sought compensatory and punitive monetary damages, but did not ask for injunctive relief or release from custody.  The district court dismissed his action because the issues it raised would "directly implicate the legality" of his confinement.  Id.  The Seventh Circuit Court of Appeals affirmed, and the United States Supreme Court granted certiorari.[5]

The Supreme Court affirmed.  After acknowledging that Heck's case was "at the intersection of the two most fertile sources of federal-court prisoner litigation," 42 U.S.C. § 1983 and 28 U.S.C. § 2254, and that both "provide access to a federal forum for claims of unconstitutional treatment at the hands of state officials," Heck, 512 U.S. at 480, the Court ultimately concluded that a civil action that had the effect of challenging a conviction was not cognizable under § 1983:

> We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied to actions for malicious prosecution.

Heck,  512 U.S. at 486.

Civil suits that have the effect of calling the validity of a criminal conviction into question have recently been referred to by the Court as "hybrid" suits, "with a  prisoner seeking relief unavailable in habeas, notably damages, but on allegations that not only support a claim for recompense, but imply the invalidity either of an underlying

---

[5]By the time Heck's civil rights action reached the Supreme Court, his conviction had been affirmed on direct appeal, and his federal habeas petition had been denied. Heck, 512 U.S. at 479.

conviction or of a particular ground for denying release short of serving the maximum term of confinement." Muhammad v. Close 540 U.S. 749, 750-51 (2004).[6] Although such was not emphasized in Heck, the Court in Muhammad – which was decided after the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)[7] – specifically noted that the rule in Heck "served the practical objective of preserving limitations on the availability of habeas remedies," immediately followed by the observation that "Federal petitions for habeas corpus may be granted only after other avenues of relief have been exhausted." Muhammad, 540 U.S. at 751 (citing 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that– (A) the applicant has exhausted the remedies available in the courts of the State")).

The undersigned finds that Plaintiff's claim under the ADA is the same type of "hybrid" suit that seeks relief unavailable in a habeas action but on allegations that imply invalidity of his underlying convictions. As such, the rule in Heck is equally applicable to his civil action for damages under the ADA, and the complaint must be dismissed

---

[6]At issue in Muhammad was a § 1983 action against a corrections officer alleging that the officer had charged the plaintiff with threatening behavior and subjected him to mandatory prehearing lockup in retaliation for prior lawsuits and grievance proceedings against the officer. Although the conviction in question in Muhammad was a prison disciplinary conviction, in Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme Court extended the rule recognized in Heck to prison administrative decisions such as disciplinary decisions in which the procedures being challenged by the prisoner "would, if established, necessarily imply the invalidity of the deprivation of [the prisoner's] good-time credits" or other punishment imposed in the proceeding. Edwards, 520 U.S. at 646-648. However, in Muhammad, the Supreme Court held that his § 1983 action could not be construed as seeking a judgment at odds with his conviction or with the State's calculation of time under the sentence in question, making habeas relief unavailable and Heck inapplicable. Id. at 754-55.

[7]Pub. L. No. 104-132, 110 Stat. 1214, effective April 24, 1996.

without prejudice unless Plaintiff can show that his convictions or sentences have already been invalidated.  <u>Heck</u>, 512 U.S. at 487.

As noted above, Plaintiff alleges that Defendant OIDS "discriminated against [him] by providing ineffective assistance of counsel deliberately due to Plaintiff's HIV positive status, in violation of the Americans with Disabilities Act." Complaint, p. 7;  Amended Complaint, p. 1-2.  Title II of the ADA prohibits discrimination based on disability in the availability of services, programs, or activities of a public entity:

> Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity or be subjected to discrimination by any such entity.

42 U.S.C. § 12132.  As a remedy, Plaintiff seeks compensatory and punitive damages;[8] he specifically states that he is only seeking monetary damages and is not "seeking any relief in this action regarding his length of incarceration."  Complaint, p. 9.  However, despite Plaintiff's carefully worded disclaimer regarding the relief sought, his allegations in support of his ADA claim clearly imply the invalidity of his underlying convictions. Plaintiff alleges herein that Defendant OIDS, through Mr. Stice, deliberately provided ineffective assistance of counsel in violation of the Sixth Amendment to the U.S. Constitution, and that were it not for Plaintiff's HIV/AIDS status, Defendant OIDS most likely would have provided him with the effective assistance of counsel to which he was legally entitled.  Complaint, p. 7.  Plaintiff alleges that Mr. Stice coerced his guilty pleas by failing to impeach witnesses, to investigate the facts of the case, to discuss or develop

---

[8]Although it is recommended that this action be dismissed without prejudice, the undersigned notes that punitive damages are not available in an ADA case.  <u>Barnes v. Gorman</u>, 536 U.S. 181 (2002).

a defense strategy, to move for a competency hearing, to communicate with him, or to investigate and present mitigating evidence at the sentencing hearing. Id. at 2-3.  Such allegations, if proven, would certainly call into question the validity of his convictions which have yet to be overturned.

Moreover, in this case there is an additional risk of conflicting resolutions arising out of the same facts due to Plaintiff's recent federal habeas action, which was dismissed in order for him to exhaust his available state court remedies.  See supra, p. 7.  In Plaintiff's federal habeas action, he alleged that trial counsel coerced his guilty pleas by failing to pursue a viable defense strategy, failing to communicate with him or discuss any defense strategy, failing to make sure Plaintiff was in his "right mind" before making the decision to plead guilty, failing to investigate two viable defense strategies, failing to request a competency evaluation in light of his state of mind and lack of medication for his HIV status, and failing to meet with him, prepare for trial, or answer letters.  Although Plaintiff may be alleging in this action that the impetus behind these failings was Mr. Stice's discriminatory attitude due to his alleged HIV/AIDS status, the alleged ineffective assistance which resulted is for all intents and purposes identical to the ineffective assistance alleged by Plaintiff in support of his request for federal habeas relief.  Finally, the Oklahoma state courts have not yet had an opportunity to evaluate Plaintiff's claim that Mr. Stice rendered ineffective assistance of counsel; thus application of the rule in Heck will serve the policy requiring other avenues of relief to be exhausted before Plaintiff can, in effect, attack his criminal convictions in a federal habeas action.

In <u>Daniel v. Fields</u>, No. 95-6132, 1995 WL 539008, at *3 (10th Cir. Aug. 31, 1995),[9]

the plaintiff brought a § 1983 claim seeking the award of 382 earned credits, claiming

that an Oklahoma Department of Corrections (ODOC) policy that allowed working

inmates to accrue credits at a higher rate than non-working inmates deprived him of his

right to equal treatment because he was disabled and unable to work.  The Tenth Circuit

affirmed the dismissal of the § 1983 equal protection claim under <u>Heck</u>, concluding that

the award of additional time credits must be sought in an action for habeas corpus.  <u>Id.</u>

In a footnote, the Court also commented on the plaintiff's claim that the ODOC policy

violated the Americans with Disabilities Act:

> We do not believe that Mr. Daniel's conclusory references are sufficient to
> state a claim under the ADA.  Additionally, in this instance, *even if Mr.*
> *Daniel had properly asserted an ADA claim, <u>Heck's</u> reasoning would*
> *preclude a reduction in his sentence through an ADA claim not asserted in*
> *a habeas action.*

<u>Id.</u> at *3 n. 2 (emphasis added).  Thus, albeit in dicta from an unpublished decision, the

Tenth Circuit has specifically extended the reasoning in <u>Heck</u> to the cases brought by

prisoners under the Americans with Disabilities Act.

In a case much like the one now before the Court, the United States District Court

for the District of Connecticut also found <u>Heck</u> to be applicable to claims under the ADA.

In <u>Browdy v. Karpe</u>, No. 3:00 CV 1866 (CFD), 2004 WL 2203464 (D. Conn. Sept. 20,

2004), <u>aff'd on other grounds</u>, No. 04-5559, 131 Fed. Appx. 751, 753-54 (2nd Cir. May 16,

2005), the plaintiff brought a civil rights action against Special Public Defender Brian S.

Karpe and Chief Public Defender Gerard A. Smyth pursuant to 42 U.S.C. §§ 1983, 1985

---

[9]Unpublished disposition cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.

and 1986 and the ADA. The plaintiff claimed in his petition that his public defender should have requested a competency examination before permitting him to enter his Alford plea, and that the failure to do so resulted in an involuntary plea, violating his Fifth Amendment privilege against compulsory self-incrimination and his Sixth Amendment rights to a jury trial and to confront his accusers. He also alleged that the failure to ascertain his competency constituted a denial of public services as guaranteed by Title II of the ADA. The Court found all of the claims barred by Heck, including plaintiff's claim under the ADA:

> As stated in the previous section of this ruling, a decision that Attorney Karpe violated [plaintiff's] rights under the ADA because he did not request a competency hearing and failed to ensure that [plaintiff] was competent to enter into a plea agreement, necessarily would call into question the validity of [plaintiff's] conviction and sentence. Because [plaintiff] has not alleged that his guilty plea and sentence have been overturned by a state court or by a federal court granting a petition for writ of habeas corpus, [plaintiff's] ADA claims are barred by Heck. The defendants' motion to dismiss is granted as to [plaintiff's] ADA claims as well.

Browdy, 2004 WL 2203464 at * 8. In reaching this conclusion, the Court noted another decision in the United States District Court for the District of Connecticut in which a similar conclusion had been reached. In Miele v. Griffin, No. 3:00 CV 2239 (AHN) (HBF), slip op. p. 6 (D. Conn. Oct. 12, 2001), the Court also found that the reasoning in Heck applied equally to ADA claims. The Miele court noted the Supreme Court's long-favored policy protecting the finality of judgments, and that it has generally declined opportunities for collateral attack – leading to the rule that a § 1983 claim that would call into question a judgment of conviction is not cognizable until that conviction has been overturned or otherwise invalidated. Id. at slip op. 7-8. The Miele court stated that it

15

could "discern no reason why the Supreme Court's analysis in <u>Heck</u>, does not apply equally to the ... ADA claim.  <u>Id.</u> at 8.  The Court also noted that the plaintiff in <u>Miele</u> had filed a state habeas corpus petition that was still pending.  <u>Id.</u>  Because "a ruling that Miele's rights under the ADA were violated because his guilty plea was not knowing and voluntary due to his incompetency, would necessarily call into question the validity of Miele's conviction,"  the Court found that his ADA claims were not cognizable until his confinement had "been called into question by the issuance of a writ of habeas corpus." <u>Id.</u> at slip op. 8-9.

Cases in which prisoners brought their ADA claims as a civil rights action under 42 U.S.C. § 1983 have also been found to be premature.  <u>Fresquez v. Moeroyk</u>, No. CVF045123AWILJOP, 2005 WL 3088617, at *3 (E.D. Cal. Nov. 14, 2005) (in case under ADA and Rehabilitation Act, plaintiff-prisoner had no claim for damages for loss of good time credits following disciplinary action in which he was allegedly discriminated against due to a disability because the disciplinary conviction had not yet been invalidated); <u>Jones v. Stevenson</u>, No. C034410MMC(PR), 2003 WL 22533565, at *1 (N. D. Cal. Nov. 4, 2003) (plaintiff cannot challenge the validity of his confinement resulting from a parole revocation hearing on grounds that the hearing violated his constitutional rights and rights provided by the ADA, until parole board's decision is reversed, expunged, set aside or otherwise called into question); <u>Raines v. Florida</u>, 983 F.Supp. 1362, 1375-76 (N.D. Fla. 1997) (class action members' claim for damages for the  "gain time" they did not receive due to their medical grade allegedly in violation of the ADA

was not cognizable in the absence of a ruling invalidating the denial of gain time through a writ of habeas corpus).

The reasoning of <u>Heck</u> has also been extended to civil cases brought under the Federal Tort Claims Act, where allowing the suit for damages to proceed would imply the invalidity of the underlying conviction.   <u>See</u> <u>Parris v. United States</u>, 45 F.3d 383, 385 (10th Cir. 1995) ("the same common law principles that informed the Supreme Court's decision in <u>Heck</u> should inform the decision of whether an action under the [Federal Tort Claims Act] is cognizable when it calls into question the validity of a prior conviction") (citing <u>Heck v. Humphrey</u>, 512 U.S. 477(1994)).  In <u>Parris</u>, the plaintiff's claim was based on the alleged legal malpractice of the Assistant Federal Public Defender who represented him in a criminal proceeding conducted in the United States District Court for the Eastern District of Oklahoma. <u>Id.</u> at 384.  He alleged that "because of the negligence of my lawyer, I am a convict at El Reno, *not* because I am guilty." <u>Id.</u> The district court concluded that plaintiff's claim "squarely call[ed] into question the validity of his convictions," and because his convictions had been affirmed on appeal and upheld despite a challenge under 28 U.S.C. § 2255, the Tenth Circuit affirmed the district court's grant of summary judgment in favor of the defendant.  <u>Id.</u> at 385.

In summary, the undersigned concludes that Plaintiff's claim for damages under the ADA will necessarily imply the invalidity of his underlying convictions in Case Nos. CF-03-71, CF-03-75, CF-03-76, and CF-03-77, District Court of Cleveland County.  The success of Plaintiff in this action clearly rises and falls with his proof that Mr. Stice rendered constitutionally ineffective assistance of counsel.  Indeed, those very issues

were only recently pending in a habeas action in this district, and have now been dismissed without prejudice so that Plaintiff can exhaust his state court remedies. While not every ADA claim will fall within rule of <u>Heck</u>, the instant one certainly does, and the undersigned can find no reasoned basis for precluding a civil damages action under § 1983 but allowing one under the ADA when the effect will be exactly the same. "[P]reserving limitations on the availability of habeas remedies" was cited as one purpose of the <u>Heck</u> rule when a civil damages action holds possible consequence for the plaintiff's conviction or the duration of his sentence. <u>Muhammad</u>, 540 U.S. at 751. To find that a civil action for damages has accrued under the ADA in this case holds possible consequences for the Plaintiff's convictions, and would allow Plaintiff to avoid limitations on the availability of habeas remedies – limitations that allow the States to be the first to entertain challenges to their own judgments, and require the Federal courts to extend comity to their decisions. Accordingly, it is recommended that this action be dismissed without prejudice until such time as Plaintiff's criminal convictions have been overturned or otherwise invalidated.

<u>**RECOMMENDATION**</u>

In light of the foregoing, the undersigned recommends that this action be dismissed without prejudice under <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of the Court by January 18, 2006, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Plaintiff is further advised that failure to file a timely objection to the Report and Recommendation waives his right of appellate review of both factual and

legal issues contained herein. <u>Moore v. United States</u>, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 29th day of December, 2005.**

_____

**DOYLE W. ARGO**
**UNITED STATES MAGISTRATE JUDGE**